IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JOE RANGER PICKETT, AIS# 00128361** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. A. NO. 2:25-00282-JB-N** |
| | ) | |
| **BRITTNEY JONES, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Joe Ranger Pickett, a prisoner at Camden Work Release, filed an action under 42 U.S.C. § 1983. (Doc. 1). He also filed a motion to proceed without prepayment of fees, or *in forma pauperis*. (Doc. 2). Upon review of the complaint and Pickett's prior litigation history,[1] it is **RECOMMENDED** that this Court **DENY** Plaintiff's Motion to Proceed *in forma pauperis* and **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g), because Pickett is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fee when he filed this action.

The Prison Litigation Reform Act ("PLRA") enacted "to curtail abusive prisoner litigation", *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), includes restrictions on prisoners filing certain civil rights actions in federal courts. In particular, Section 1915 only allows a prisoner to file three meritless suits in federal courts, after which he "must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Specifically, the "three-strikes" provision states:

---

[1] This case is before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When the three-strikes provision is applicable, the Eleventh Circuit has established "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Dupree,* 284 F.3d at 1236. Furthermore, "the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id*. The only exception to this three-strike rule is when Plaintiff has pled that he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of federal court records reveals that Plaintiff has filed at least three federal court cases which courts have dismissed as frivolous or for failing to state a claim upon which relief may be granted under § 1915.[2] This Court has previously dismissed three of his cases pursuant to the three-strike provision, as laid out below:

> The undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine if Pickett has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Pickett has had three actions dismissed for one of the foregoing reasons, namely, *Pickett v. Thompson, et al.*, CA No. 2:93-00642-ID-CSC (M.D. Ala. Nov. 24, 1993) (complaint dismissed as frivolous); *Pickett v. Esdale, et al.*, CA No. 93-00294-ID-JLC (M.D. Ala. Apr. 15, 1993) (complaint dismissed as frivolous); and *Picket v. Phelps, et al.*, CA No. 2:92-

---

[2]    The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center. Fed. R. Evid. 201(b) (providing courts can take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

cv-01289-TMH-JLC (M.D. Ala. Nov. 6, 1992) (complaint dismissed as frivolous). Therefore, Pickett has accumulated "three strikes," which brings the present action within the scope of 28 U.S.C. § 1915(g). And Pickett understands § 1915(g) applies to his § 1983 complaints because he has had prior actions dismissed pursuant to § 1915(g). *See, e.g., Pickett v. Bentley, et al.*, CA No. 2:15-cv-00693-WKW-WO (M.D. Ala. Oct. 9, 2015); *Pickett v. Welch, et al.*, CA No. 2:11-cv-00923-WHA-CSC (M.D. Ala. Dec. 1, 2011); *Pickett v. Siegelman, et al.*, CA No. 2:01-cv-01007-ID-SRW (M.D. Ala. Oct. 18, 2001). Thus, he also knows unless he satisfies the exception to § 1915(g), his action will be dismissed.

*Pickett v. Ivey*, No. CV 21-0212-JB-MU, 2021 WL 2660043, at *1 (S.D. Ala. May 28, 2021), *report and recommendation adopted,* No. CV 21-0212-JB-MU, 2021 WL 2652947 (S.D. Ala. June 28, 2021).

Because Plaintiff has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a prisoner has proved imminent danger of serious physical injury, this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether [the prisoner's] complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2716 (2022) (internal quotations and citations omitted). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CV 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citing *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

In his complaint, Pickett asserts allegations against Alabama state court judges, Judge

Brittney Jones, Judge Thomas Head, and Judge Henry Reagan, II., for wrongful detention for manslaughter conviction for approximately 45 years, as well as claims of conspiracy to deprive him of his constitutional rights and slander. (Doc. 1). It appears that Pickett raises his challenge following a September 9, 2024, dismissal of his habeas corpus petition. (*See* Doc. 2 at 4). In addition to a trial by jury, attorney fees, and that the U.S. Attorney's Office be aware of his claims, he requests unspecified "injunctive relief," "judicial reform of our lower courts," "that Defendants' surety bond be produced, and that Justice SCOTUS be informed of the litigation for fundamental fairness . . . [and] any other relief this court deem[s] just, proper and fair." (Doc. 1 at 7).

Read broadly, the allegations of Plaintiff's complaint do not demonstrate that he faces imminent danger of serious physical injury or harm. (*See* Doc. 1); *see Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Plaintiff has failed to show that he was experiencing or would experience an imminent serious physical injury at the time his complaint was filed. *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

For these reasons, the undersigned **RECOMMENDS** that this Court **DENY** Plaintiff's Motion to Proceed without prepayment of fees, or *in forma pauperis* (Doc. 2) because Plaintiff did not pay the filing and administrative fees of $405 when he filed his complaint. The undersigned further **RECOMMENDS** the Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g).

**4**

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this **25th** day of **July, 2025.**

                                          **/s/ KATHERINE P. NELSON**
                                          **UNITED STATES MAGISTRATE JUDGE**